FILED
9/6/2019
Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNA GROHMAN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU<br>MUTUAL INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | No. CV-19-58-H-SEH<br><br>**ORDER** |

Plaintiff filed a Complaint and Demand for Jury Trial[1] ("Complaint") on September 3, 2019, asserting diversity jurisdiction under 28 U.S.C. § 1332.[2] However, jurisdiction is not well-pleaded.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) Citizens of different States;

28 U.S.C. § 1332 (a)(1).

---

[1] Doc. 1.

[2] *See* Doc. 1 at ¶ 41.

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants.[3] It is to be strictly construed.[4] Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists.[5] Here, the Complaint names one plaintiff, an individual, and one defendant, a corporation.[6]

Plaintiff's individual citizenship is not properly pleaded.[7] Plaintiff alleges only residence and domicile of Plaintiff.[8] Citizenship is not alleged. Diversity of citizenship is not pleaded.[9]

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the courts own initiative, at any stage in the litigation, even after the trial and judgment entry.[10]

---

[3] *See* 15A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102–28 (3d ed. 2019).

[4] *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941).

[5] *See Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

[6] *See* Doc. 1 at ¶¶ 1–2, 42.

[7] *See* 28 U.S.C. § 1332

[8] *See* Doc. 1 ¶¶ 3, 42.

[9] *See* Doc. 1 at ¶ 41.

[10] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

ORDERED:

This case will be dismissed on September 13, 2019, unless Plaintiff files an amended pleading properly alleging jurisdiction on or before that date.

DATED this 6th day of September, 2019.

SAM E. HADDON
United States District Judge