IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

|  |  |
|---|---|
| DONNA GROHMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU<br>MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | No. CV 19-58-H-SEH<br><br>**ORDER** |

A hearing on Mountain West Farm Bureau Mutual Insurance Company's

Motion in Limine[1] and Grohman's Motions in Limine[2] was held July 8, 2021.

Plaintiff's motion[3] sought,

> [A]n order in limine to exclude any evidence, testimony or argument (including but not limited during voir dire, opening statements, questioning of witness and closing arguments) related to:

---

[1] Doc. 63.

[2] Doc. 65.

[3] Doc. 65.

1. Claims of comparative bad faith by
Grohman, or her counsel, which
is no defense to Defendant's duty to comply
with the UTPA;

2. After-acquired evidence not discovered
or known at the time Defendant adjusted the
underlying claim;

3. Attacks on the claimant or claimant's counsel;

4. Personal opinions or comments on the evidence;

5. Evidence of prior pleadings which are
superceded by the final pretrial
order;

6. Any communications with Nelson &
Dahle because Defendant has
withheld cross-examination/impeachment
evidence based on a claim
of attorney/client privilege;

7. Evidence of collateral sources in the
underlying action.[4]

Defendant's motion[5] sought,

[A]n in limine order prohibiting Plaintiff from
attempting to elicit testimony or introduce evidence in
the following areas:

Legal conclusions;

---

[4] Doc. 65 at 1.

[5] Doc. 63.

> The Mend the Hold Doctrine; and
>
> Speculation about Mountain West's motives, control of the underlying action, and advice Mountain West received from its attorneys. [6]

Upon the record made in open court,

ORDERED:

1. Grohman's Motions in Limine:[7]

    a. "Claims of comparative bad faith by Grohman, or her counsel"[8] is GRANTED.

    b. "After-acquired evidence not discovered or known at the time Defendant adjusted the underlying claim"[9] is GRANTED to the extent that Defendant may not introduce or rely upon any information or evidence of Plaintiff's medical expenses, claimed by Plaintiff to arise from the accident of November 9, 2011, acquired or made known to Defendant after the date upon which it determined that it would not pay for additional medical expenses incurred by Plaintiff and asserted

---

[6] Doc. 63 at 1-2.

[7] Doc. 65.

[8] Doc. 65 at 1.

[9] Doc. 65 at 1.

by Plaintiff to arise form the accident of November 9, 2011, including revision surgery on October 1, 2016.

    c.    "Attacks on claimant or claimant's counsel"[10] is GRANTED.

    d.    "Personal opinions or comments on the evidence"[11] is GRANTED.

    e.    "Evidence of prior pleadings which are superceded by the final pretrial order"[12] is GRANTED.

    f.    "Any communications with Nelson & Dahle because Defendant has withheld cross-examination/impeachment evidence based on a claim of attorney/client privilege"[13] is GRANTED.

    g.    "Evidence of collateral sources in the underlying action"[14] is GRANTED.

2.    Mountain West Farm Bureau Mutual Insurance Company's Motion in Limine:[15]

---

[10] Doc. 65 at 1.

[11] Doc. 65 at 1.

[12] Doc. 65 at 1.

[13] Doc. 65 at 1.

[14] Doc. 65 at 1.

[15] Doc. 63.

a. "Legal conclusions"[16] is GRANTED.

b. "Mend the Hold Doctrine"[17] is GRANTED as stated in paragraph 1(b) above.

c. "Speculation about Mountain West's motives, control of the underlying action, and advice Mountain West received from its attorneys"[18] is GRANTED.

3. The Court will conduct a telephone conference with all counsel of record at 2:00 p.m. on July 12, 2021. The Court will initiate the call.

DATED this 9th day of July, 2021.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[16] Doc. 63 at 1.

[17] Doc. 63 at 1.

[18] Doc. 63 at 2.