# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| DONNA GROHMAN,<br><br>                         Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU<br>MUTUAL INSURANCE COMPANY,<br><br>                         Defendant. | No.  CV 19-58-H-SEH<br><br><br>**ORDER** |

The Court conducted a conference call with all counsel of record on July 26, 2021. The following schedule shall govern the separate trial of the specific fact issue identified in the Court's July, 22, 2021 Order.[1]

ORDERED:

1.     To the extent stated, Mountain West Farm Bureau Mutual Insurance Company's Motion for Leave to File Objection to Plaintiff's Disclosure of Witnesses and Exhibits[2] is GRANTED IN PART and DENIED IN PART. Robert Spoja may not be called as a witness at trial.

---

[1] Doc. 135.

[2] Doc. 136.

FURTHER ORDERED:

2.      A Jury Trial (7-member jury; 3 days) shall commence on **November 2, 2021**, at 8:45 a.m., at the Paul G. Hatfield Courthouse, Helena, Montana.

3.      On or before **August 27, 2021**, the parties shall meet and confer to discuss preparation and filing of the final pretrial order.

4.      A proposed final pretrial order shall be filed on or before **September 10, 2021**, compiled in compliance with Fed. R. Civ. P. 26(a)(3)(A) and L.R. 16.4 and directed to the specific fact issue to be tried. A copy shall be provided to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626. **All attached lists must be in portrait orientation.**

5.      The proposed final pretrial order supersedes all prior pleadings and may not be amended except by leave of Court.

6.      Objections to exhibits, deposition testimony, or the use of other discovery to be offered at trial (e.g. interrogatories and responses to requests for admission) shall be included within the final pretrial order and shall state specific grounds for all objections. *See* L.R. 16.4. Objections not stated are waived. *See* L.R. 16.4(b)(5). Exhibits shall be filed in compliance with paragraph 7 of this Order.

No later than the date of filing of the proposed pretrial order, each party shall file and provide to Chambers:

> a. The complete transcript of each deposition, any portion of which is to be offered at trial.
>
> b. Complete copy sets of all interrogatories served by the party.
>
> c. Complete copy sets of all answers to interrogatories received from any party, if any portion of such answers are to be offered at trial.
>
> d. Complete copy sets of each request for admission and of each response thereto to be offered at trial.
>
> e. Complete copy sets of all requests for production served by a party and complete copy sets of all responses to requests for production, if any portion of such responses are to be offered at trial.

**All responses to discovery to be offered as evidence at trial, in order to be considered for admission as evidence at trial, must satisfy the requirements for admissibility as evidence under the Federal Rules of Evidence.**

7.   <u>Exhibits:</u>

> a. Exhibits are to be bound in a loose-leaf binder and exchanged with opposing counsel prior to the filing of the pretrial order.

b.      Each exhibit shall bear an extended tab showing the number of the exhibit.

c.      Each exhibit document shall be paginated, including any attachments. Plaintiff's exhibits shall be numbered 1 up to 500. Defendants' exhibits shall be numbered 501 and up.  All exhibits shall be numbered in chronological sequence.  **Any exhibits from depositions to be offered at trial shall be labeled with a trial exhibit number only.**

d.      Exhibits shall not be duplicated.

e.      Exhibits shall be filed in the electronic record.

f.      The original of document exhibits shall be delivered to the Clerk of Court on or before **September 10, 2021.**

g.      A copy of exhibits shall be mailed to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626, on or before **September 10, 2021.**

h.      The parties are expected to use the Court's available evidence presentation technology for exhibit display.

i.      *Audio or video electronic exhibits must be in a format compatible with the evidence presentation technology.  Parties may*

*contact the Clerk's office for technical assistance.*

8.    Trial Briefs: Trial Briefs directed to the specific fact issue of the case shall be filed on or before **September 10, 2021.**

9.    Any party intending to use Real-Time reporting must notify the court reporter at least 20 days before trial.

10.    Any party intending to use the courtroom electronic evidence system must notify the Court and Court Systems Administration staff at least 20 days before trial.

11.    A party seeking to use videoconferencing for witnesses must obtain leave of Court at least 20 days before trial.  Counsel responsible for such witness or witnesses shall make all necessary videoconference arrangements with Court systems staff.  Trial will not be continued or interrupted if conferencing arrangements cannot be made or if the conference transmission signal is interrupted or lost.

**12.    The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS is available through the court.  It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  JERS is NOT designed to present evidence in the courtroom.  Counsel are responsible for showing their own exhibits during**

trial.  **Detailed information about how to use JERS, including the proper naming convention and form of exhibits and contact information for District personnel who can explain further, is found on the Court's website, http://www.mtd.uscourts.gov/ , under the heading "Attorneys."  Parties must contact the Clerk's office for technical assistance for the use of JERS by the time of the final pretrial conference in the case, and in no event, no less than two weeks before trial.**

13.    <u>Voir Dire:</u> Proposed voir dire questions shall be filed on or before **<u>September 10, 2021</u>**.

14.    <u>Jury Instructions:</u>

a.    The parties shall prepare and file a set of proposed stipulated jury instructions (clean copies and working copies with source citations) on or before **<u>September 10, 2021</u>**, which shall include all necessary stock instructions, taken from the current Ninth Circuit Manual of Model Jury Instructions.   Each party may also prepare and file proposed supplemental instructions (clean copies and working copies with source citations) if different from the agreed joint instructions.  No two instructions shall have the same number.

b.    All instructions shall be short, concise, and understandable and

neutral statements of the law.  Argumentative instructions are improper, will not be given, and should not be submitted.

c.      Any modifications of instructions from statutory authority, Ninth  Circuit pattern instructions, or other form instructions, must specifically state the modification made to the original source form instruction and the authority supporting the modification.

d.      Each party shall prepare and file a set of proposed special interrogatories directed to significant issues of fact to be answered by the jury.  Each party in addition shall prepare and submit a form of general verdict.

e.      On or before **September 10, 2021**, each party shall additionally e-mail a copy of its proposed joint and supplemental jury instructions, together will all verdict forms, to the Court's proposed order inbox at seh_propord@mtd.uscourts.gov.

15.   <u>Format of Jury Instructions:</u>

a.      The clean copy shall contain:

    i.      a heading reading "Instruction No. ___;" and

    ii.      the text of the instruction.

b.      The working copy shall contain:

      i.     a heading reading "Instruction No. ___;"

      ii.    the text of the instruction;

      iii.   the number of the proposed instruction;

      iv.   the legal authority for the instruction; and

      v.    the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

16.    Final instructions for submission to the jury will be settled on the record prior to closing argument, at which time counsel may present argument and make objections.

17.    <u>Calling Witnesses at Trial</u>:

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four copies of a single-page document providing:

      a.    The full name and current address of the witness;

      b.    A brief description of the nature and substance of the witness's testimony;

      c.    The date the witness was deposed or had a statement taken; and

      d.    A listing of each exhibit to which the witness may refer during direct examination.

18.    A final pretrial conference may be set by further order of the Court.

19.    The Court may convene an interim status conference upon application by any party if deemed necessary or appropriate by the requesting party, or if the Court determines an additional conference to address trial related issues should be held.

DATED this __26th__ day of July, 2021.

SAM E. HADDON
United States District Judge